THE STATE OF MISSOURI, Respondent, v. ESTELLA TRUE NELL et al., Appellants.

### Kansas City Court of Appeals, March 6, 1899.

1. **Conspiracy:** INDICTMENT: OVERT ACT. An indictment for a conspiracy to commit a felony need not allege an overt act. The agreement to commit the felony is sufficient.

2. **Trial Practice:** CONTINUANCE: DILIGENCE. Ordinary diligence must be shown to authorize a continuance.

3. **Conspiracy:** EVIDENCE: DECLARATION OF CONSPIRATOR: PRACTICE. It is better practice to require proof of the conspiracy before admitting the declarations of a co-conspirator, but such practice is not indispensable and may be varied in the sound discretion of the court.

4. **Appellate Practice:** EVIDENCE: NATURE OF REJECTED: RECORD. Where the action of the trial court in excluding evidence is complained of, the record should set forth, in substance, at least, such evidence so that the appellate court may determine its materiality and competency.

5. ———: SECOND TRIAL: SAME RESULT: INSTRUCTION. After two trials with the same result it is better to end the litigation where there is no substantial error shown on the record, though the numerous instructions may contain some verbal inaccuracies.

*Appeal from the Jasper Circuit Court.*—HON. J. W. HALLIBURTON, Special Judge.

AFFIRMED.

CUNNINGHAM & DOLAN and JOHN H. FLANIGAN for appellants.

(1) The motion to quash the indictment should have been sustained. The indictment does not allege any overt act, but it stands upon the unlawfulness of the combination or conspiracy to do an unlawful act, to wit: Kill and murder Geo. A. Haggerty, by knives, pistols, etc. "This rule like all others in the law can not be extended beyond the reason whence it

proceeds. It is wholly inapplicable to the case of the numerous class where numbers have no more power for mischief than one person alone, so that a conspiracy to be indictable within this rule must be of a sort where special harm or special damage comes from the mere combining. Not all the wrongful things are of this nature." 2 Bishop Crim. Law [11 Ed.], secs. 181, 182, 183, 185. (2) The court erred in denying application of defendants for a continuance. (3) The court should not over the objection of the other defendants have permitted the witness Gus James, to detail his conversation with defendant, Estella True Nell, before the establishment *prima facie* of a conspiracy at the time of the alleged conversation. 3 Greenleaf on Ev. [14 Ed.], sec. 92. (4) But if the evidence of the assault by Mike Marrs on Haggerty on June 22, 1896, was properly admitted, then it was improper to exclude from the consideration of the jury the record in the case wherein said Mike Marrs had been tried and convicted of common assault, the object being to show that he was convicted of common assault and fined one dollar. 3 Greenleaf on Ev. [14 Ed.], sec. 97.

J. W. McANTIRE and CLARK CRAYCROFT for respondent.

(1) The indictment should not have been quashed, and no error occurred when the court overruled the motion to quash same. R. S. 1889, sec. 3780. (2) The testimony having shown that there was a conspiracy or common design formed between the three defendants to kill and murder George A. Haggerty, and where the common plan terminates in a criminal result, though not the particular result meant, all are liable. State v. Walker, 98 Mo. 95; State v. Daubert, 42 Mo. 238; Hart v. Hopson, 52 Mo. App. 177; Hart v. Hicks, 129 Mo. 99. (3) The rule invoked by defendants requiring *prima facie* proof of the conspiracy or combination to be first made before the acts or declarations of one conspirator or accomplice can be admitted against the other, is not inflexible.

State v. True Nell.

State v. Ross, 29 Mo. 32; State v. Walker, 98 Mo. 95; State v. Pratt, 121 Mo. 566.

GILL, J.—The defendants were tried and convicted in the court below for having conspired together to kill one Haggerty. This under our statute (section 3780, Revised Statutes 1889), is made a misdemeanor.

The record is voluminous and we shall make no effort to detail the evidence. It may be stated however, that it tends to establish a strong and convincing case against the defendants, each and all of them. Mrs. True Nell and Haggerty, it seems, had some trouble in relation to a mining claim at or near Joplin. The woman conceived the idea of "doing away" with Haggerty, as the witnesses term it, and engaged the co-operation of the defendants Mat and Harry Doherty. With this in view the evidence tends to prove that several desperate characters were approached and efforts were made to have them kill Haggerty. One of these was to waylay Haggerty at a point where he was in the habit of passing in the night time and shoot him; another was to engage him in an affray on the street, and still another was to throw him into a mining shaft. Only one of these however, ever approached execution. Mike Marrs (known as "Big Mike") assaulted Haggerty on the street beat him badly, and which might have resulted seriously had not others interfered.

At the trial in the circuit court the defendants were found guilty, a small fine of one dollar was imposed on each, and from the judgment they have appealed.

I. The indictment was objected to, on a motion to quash, for the reason that it failed to allege any overt act by the defendants. The objection is without merit. In a case where the conspiracy is to commit a felony upon the person of another, it is not necessary to allege or prove an overt act to accomplish the deed. R. S. 1889, sec. 3781. The indictment

CONSPIRACY: indictment: overt act.

plainly charged an agreement to commit a felony, namely to murder Haggerty.

Neither did the court err in denying the defendants' application for a continuance.  There was not even the most ordinary diligence shown in procuring the attendance of the absent witnesses.  It is further insisted that the court erred in permitting certain witnesses to detail conversations had with one of the alleged conspirators, in the absence of the others, and before the conspiracy had been established. The rule of course is well understood that the acts or declarations of one conspirator in the prosecution of the common enterprise is admissible in evidence against all.  The better practice, too, in such cases, is first to require proof of the combination before admitting such acts and declarations.  This order of proof is not, however, indispensable; the trial court may in the exercise of a sound discretion vary this rule and change the natural order, permitting proof of the acts and declarations to precede evidence of conspiracy.  It will be sufficient if the conspiracy be established by evidence introduced later on.  State v. Ross, 29 Mo. 32; Hart v. Hicks, 129 Mo. loc. cit. 105; State v. Daubert, 42 Mo. 238.

After the state had offered all its evidence in rebuttal, the defendants sought to introduce what counsel called all the papers and records in some criminal prosecution against Mike Marrs for assaulting Haggerty. The court excluded the offer because incompetent and out of time.  Of this ruling defendants' counsel now complain.  There are several good reasons for overruling this assignment of error.  It is sufficient however to say that the abstract now before us fails to disclose just what was contained in the offer and we are therefore unable to say whether there was or was

State v. True Nell.

not error in its rejection.    What possible relation existed between the two cases we are not advised.    When the appellant complains of the action of the trial court in rejecting certain evidence offered at the trial, the same should be set forth, in substance at least, so that the appellate court may determine its materiality and competency, and whether or not the complaining party·was injured by the rejection.

As to the matter of instructions given and refused we can discover no substantial error in the court's action.    The de-

——: second trial: same result; instruction.

fendants were very fairly treated in that respect.    The most serious objection is found in the number and length of these instructions, there being fifteen given, covering, too, about seven printed pages of the abstract.    It is to be expected that in all these some verbal inaccuracies would appear.    These however were entirely harmless.

Objections, too, relating to the admission of evidence have been examined and found without merit.

This case was twice tried in the circuit court and with the same result.    It would seem best to put an end to the litigation unless some really substantial and prejudicial error is shown by the record.    This we do not find, and the judgment therefore will be affirmed.    All concur.